UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN MELE | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:06-cv-1571 (JCH) |
| | : | |
| STATE OF CONNECTICUT, et al.[1] | : | FEBRUARY 5, 2007 |

## RULING AND ORDER

The plaintiff, John Mele ("Mele"),[2] brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. Mele alleges that a grievance that he filed against a public defender was not properly investigated. He seeks damages and injunctive relief for denial of due process and violation of Titles II and III of the Americans with Disabilities Act. For the reasons that follow, the complaint is dismissed, in part.

I.  STANDARD OF REVIEW

Whenever a prisoner files an action seeking redress from a governmental entity or an officer or employee of a governmental entity, the court must review the complaint to ensure that the case goes forward only if it contains cognizable claims. See 28 U.S.C. § 1915A(a). The court must dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted or if it seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. §§

---

[1]The named defendants are the State of Connecticut, the Statewide Grievance Committee, Michael A. Georgetti, Michael P. Bowler, John Doe and Jane Doe.

[2]Mele filed this complaint while confined at the Carl Robinson Correctional Institution in Enfield, Connecticut. He currently resided at the Sierra House in New Haven, Connecticut.

1915A(b) & 1915(e)(2)(B).

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

II.  FACTUAL ALLEGATIONS

On July 15, 2005, Mele filed a complaint with the Statewide Grievance Committee against an attorney from the Office of the Public Defender. Defendant Bowler, Counsel for the Statewide Grievance Committee, informed Mele of the procedures that would be followed. Later, Mele was told that defendant Georgetti would investigate his complaint. Defendant Georgetti told Mele that the attorney did not respond timely to the complaint and that, if the attorney responded, Mele would be afforded the opportunity to reply.

In November 2005, Mele was notified that the Statewide Grievance Committee found no misconduct. When Mele requested a copy of the file, he was told that the copy charge was $1.00 per page and that the file contained over 100 pages. Mele then filed a Freedom of Information request. In response, he received some information, but not what he specifically requested.

III. DISCUSSION

Mele asserts two claims in this action.[3] First, he contends that the actions of the defendants violated his right to due process and equal protection. Second, he alleges that the defendants have violated his rights under Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

A. Due Process Claim

Mele alleges that the defendants violated his right to due process and equal protection when they failed to properly investigate his claims against an attorney from the Office of the Public Defender.

The Due Process Clause protects against the deprivation of constitutionally protected interests in life, liberty or property without due process of law. See Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Research has revealed no cases finding a protected interest in having an attorney grievance investigated to the complainant's satisfaction. Courts considering the issue have held that the complainant has no right to compel any investigation. See, e.g., Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1562-63 (10th Cir. 1993) (finding no constitutional right to have a lawyer investigated after a grievance is filed); Brinson v. McKeeman, 992 F. Supp. 897, 909 (W.D. Tex.

---

[3]In the section of the complaint form on the court's jurisdiction, Mele also references the Eighth Amendment. The cruel and unusual punishment clause of the Eighth Amendment protects incarcerated persons against deliberate indifference by prison officials to a substantial risk of harm to an inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 828 (1994). Mele alleges no claims against prison officials and no facts that could be interpreted as punishment by prison staff. Thus, any Eighth Amendment claim lacks a factual basis and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

1997) (holding that there was no federally protected constitutional right to compel the state bar to investigate grievance). See also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person). Thus, any claim based on dissatisfaction with the outcome is not cognizable in this action.

Mele alleges that defendant Georgetti was assigned to investigate the grievance. The Statewide Grievance Committee was not constitutionally required to follow any particular procedure. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."). However, once a procedure is established, Mele may have a due process right to have those procedures followed. See id. at 249 (noting that a state created a protected liberty interest by substantially limiting official's discretion). Liberally construing the complaint, the court infers that Mele is raising a claim that the defendants failed to follow their own procedures regarding investigation of his grievance. Without additional information regarding the procedures of the Statewide Grievance Committee and the actions taken by defendants Bowler and Georgetti, the court cannot conclude that this claim lacks merit.

Mele also alleges that the defendants violated his right to equal protection of the laws. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This provision does not mandate identical treatment for each individual; rather it requires that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S.

432, 439 (1985). Mele does not identify any similarly situated person who was treated differently or even allege that there is or are such a person or persons. Thus, he fails to state a claim for violation of his right to equal protection of the laws.

    B.    <u>ADA Claim</u>

Mele contends that the failure of the defendants to investigate his grievance properly violated his rights under Titles II and III of the ADA. These statutes prohibit discrimination against the disabled in access to public services and public accommodations. See <u>Powell v. National Bd. of Med. Examiners</u>, 364 F.3d 79, 84-85 (2d Cir. 2004). Mele's complaint relates to the investigation of grievances by the Statewide Grievance Committee. There is no reference in the complaint to any place of public accommodation. Thus, any claim under Title III is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. See <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (holding that claim based on indisputably meritless legal theory is frivolous).

To establish a violation of Title II, Mele must establish three factors: (1) he is a qualified person with a disability, (2) the defendants are subject to the ADA and (3) he was denied the opportunity to participate in or benefit from a service, program or activity of the defendants or otherwise discriminated against because of his disability.

Nowhere in the complaint does Mele state that he is disabled or allege any facts suggesting that he is disabled within the meaning of the ADA. In addition, he alleges that the Statewide Grievance Committee accepted and investigated his grievance. Thus, he was not denied the benefit of the service provided by the Committee. The ADA does not guarantee Mele the outcome he desires. The court can discern no

5

possible amendment that would enable Mele to state a claim for violation of his rights under the ADA. The Title II claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

  C. <u>Claims Against State of Connecticut and Statewide Grievance Committee</u>

Mele includes as defendants the State of Connecticut and the Statewide Grievance Committee. The Eleventh Amendment bars all section 1983 claims for money damages against a state or state agency unless the state waives, or Congress has abrogated, its immunity. <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 64, 66 (1989) . Mele alleges no facts from which the court could infer that the State of Connecticut has waived its Eleventh Amendment immunity from suit. In addition, the enactment of section 1983 did not abrogate the states' Eleventh Amendment immunity. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979). Thus, any claims against the State of Connecticut and Statewide Grievance Committee for money damages are dismissed pursuant to 38 U.S.C. § 1915(e)(2)(B)(iii).

IV. CONCLUSION

All claims for violation of the Eighth Amendment, Equal Protection Clause and ADA, as well as all claims against defendants State of Connecticut and Statewide Grievance Committee for money damages, are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). The court concludes that any appeal from this order would not be taken in good faith. The plaintiff is permitted to amend his complaint if he can allege facts to support an equal protection claim.

To enable the U.S. Marshal to effect service on defendants Bowler and Georgetti in their individual capacities, Mele is directed to complete, for each defendant, one Marshal service form using the defendant's full name and an address at which the

defendant may be located.  For service on defendants Bowler and Georgetti in their official capacities, he must complete one service form and one summons form for defendants Bowler and Georgetti c/o the Attorney General.  The address for the Attorney General is 55 Elm Street, Hartford, CT  06141.

Mele is cautioned that the U.S. Marshal cannot effect service unless he provides full names and complete addresses, including street numbers, on the forms.  Mele shall complete and return to the court the enclosed forms and three (3) copies of his complaint within **twenty (20)** days of the date of this order.  Mele shall send the forms and copies to the Clerk at 915 Lafayette Boulevard, Bridgeport, CT  06604.  Mele is cautioned that if the court does not receive the forms and copies within the time specified, this case will be dismissed without prejudice and without further notice from this court.

Upon receipt of the forms and copies, the Clerk is directed to forward the appropriate papers to the U.S. Marshal.  The U.S. Marshal is directed to serve the complaint on defendants Bowler and Georgetti in their individual and official capacities and to file a return of service within **sixty (60)** days from the date service packets are delivered to the U.S. Marshal Service.

Each defendant is directed to appear in his individual capacity within **sixty (60)** days from the date he signs the waiver of service of summons form and in his official capacity within **thirty (30)** days from the date of service of summons.

The U.S. Marshal cannot effect service on the defendants listed in the case caption only as John Doe and Jane Doe without their names and addresses.  Mele is

directed to file an amended complaint within **twenty (20)** days from the date of this order. The amended complaint will include all of the allegations contained in the original complaint and identify the complete name and current work address of the John and Jane Doe defendants. Failure to comply with this order will result in the dismissal of all claims against defendants John and Jane Doe without further notice from the court.

      **SO ORDERED** this 5th day of February, 2007, at Bridgeport, Connecticut.

      /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge